NOT FOR PUBLICATION

FILED

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIAN VLADAMIR GONZALEZ-MEJIA, AKA Cristian Vladamir Gonzalez-Mejia,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 15-70611<br><br>Agency No. A072-312-734<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Christian Vladmir Gonzalez-Mejia, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying adjustment of status and a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

waiver under 8 U.S.C. § 1182(h) ("212(h) waiver"). Our jurisdiction is governed by 8 U.S.C. § 1252. We grant the petition for review, and remand.

Gonzalez-Mejia contended before the BIA, and now before this court, that the agency erroneously applied the "clearly and beyond a doubt" standard of proof in adjudicating his application for a 212(h) waiver of inadmissibility, when it should have applied the "preponderance of the evidence" standard. *Compare Lopez-Vasquez v. Holder,* 706 F.3d 1072, 1074,78 (9th Cir. 2013) (to establish eligibility for adjustment of status, an alien must prove "'clearly and beyond doubt'" that he is not inadmissible (quoting 8 U.S.C. § 1229a(c)(2)), *with* 8 C.F.R. § 1240.8(d) ("If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.").

Because the BIA failed to address this contention, we remand for the BIA to consider it in the first instance. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("the BIA [is] not free to ignore arguments raised by a petitioner").

In light of this disposition, we do not reach Gonzalez-Mejia's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**